**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROSA MAGDALENA MORALES-GARAY, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71732 <br><br> Agency No. A094-896-180 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Rosa Magdalena Morales-Garay, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's decision denying her application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001), and we deny the petition for review.

Morales-Garay testified she was harassed, and on one occasion beaten, due to a business conflict, and she had incidents with gang members who wanted money from her.  Substantial evidence supports the agency's determination that Morales-Garay failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground.  *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (under the REAL ID Act a protected ground must be "one central reason" for an applicant's fear of persecution); *Molina-Morales*, 237 F.3d at 1051-52 (personal dispute not grounds for asylum); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  Thus, Morales-Garay's asylum claim fails.

Because Morales-Garay failed to establish eligibility for asylum, her withholding of removal claim necessarily fails.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Morales-

Garay's CAT claim because she failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government in El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**